The evidence tended to show that on 1 January, 1920, the defendant executed and delivered to the Riverside and Dan River Cotton Mills of Danville, Virginia, a certain group one-year renewable term insurance policy, designated as No. 726-G. The plaintiff was an employee of the mills and serial certificate No. 19991-D was duly issued to him as such employee. This certificate provided for insurance in the sum of $500.00, and further stipulated that the insurance should be automatically increased for each additional year of employment at the rate of $100.00 per annum until a maximum of $1,500 was reached. The group policy provided that on receipt of notice by the home office "that any employee insured hereunder has become wholly and permanently disabled by accidental *Page 849 
injury or disease, before attaining the age of sixty years, so that he is and will be permanently, continuously and wholly prevented thereby from performing any work for compensation or profit, the company will waive the payment on each premium applicable to the insurance on the life of such disabled employee . . . , and in addition to such waiver, will pay to such employee during such disability in full settlement of all obligations hereunder pertaining to such employee." The installments payable, were based upon the amount of the policy at the time of the occurrence of the disability. The serial certificate held by the plaintiff also provided for permanent disability and in such event a payment was provided in five annual installments of $214.00 each for $1,000 of insurance. The group policy was canceled on 31 August, 1930.
The plaintiff alleged and offered evidence tending to show that he became wholly disabled by disease, to wit, pellagra, prior to the cancellation of the policy. He testified that about the latter part of July or the first of August, 1930, he became disabled and unable to work, suffering "with physical weakness and troubled with my head, back and stomach. I visited some of my relatives in the latter part of August or the first of September, 1930. I was not able to sit up at that time. I was not able to look after myself. . . . Back in August, 1930, I staggered when I walked, . . . I was having trouble with my head in the spring of 1930 on up until August. It made me stagger when I walked. I could not walk straight." Other evidence offered by plaintiff tended to show that he was permanently disabled within the meaning of the policy prior to the cancellation, and that continuously since said time he had grown worse and was wholly incapacitated at the time of the trial.
The defendant offered evidence tending to show that the plaintiff worked steadily and continuously in the mill as shown by the time sheet until the week ending 23 August, 1930. He did not work from that time until 20 September. During the week ending 27 September he made forty-five hours. "Then there was a strike and no one was in the mill." Other testimony offered by the defendant tended to show that the plaintiff was walking about on the street during the strike and that he had made no complaint as to sickness or disability.
The following issues were submitted to the jury:
1. "Is the plaintiff, at the present time, as the result of accidental injury or disease, wholly and permanently disabled so that he is now, and will be, permanently, continuously, and wholly prevented thereby from performing any work for compensation or profit?
2. "Did the plaintiff become wholly and permanently disabled by accidental injury or disease on or before 31 August, 1930, and while in the employ of the Riverside and Dan River Cotton Mills, Incorporated, so that he has been, from on or before 31 August, 1930, and until the *Page 850 
present time, permanently, continuously and wholly prevented thereby from performing any work for compensation or profit?"
The jury answered the first issue "Yes," and the second issue "No."
From judgment upon the verdict in favor of defendant the plaintiff appealed.
The verdict established the fact that the plaintiff was not totally incapacitated within the meaning of the policy prior to its cancellation, and of course upon such verdict he is not entitled to recover.
There are certain exceptions to the admission of testimony and to the charge of the trial judge, but none of these are of sufficient moment to overthrow the judgment. The charge of the court, viewed and interpreted as a unit, does not transgress the principles of law pronounced in the case ofBulluck v. Ins. Co., 200 N.C. 642, 158 S.E. 185.
Affirmed.